IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN S. SEEFELDT,<br><br>    Plaintiff,<br><br>  vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>    Defendants.<br>_____/ | No. 2:08-cv-3123 JFM (PC)<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 23, 2008, plaintiff filed a complaint alleging deliberate indifference to plaintiff's serious medical needs based on defendants' failure to treat, and delay in treatment for, his brain tumor. On April 17, 2009, this action was stayed pending plaintiff's brain surgery and recovery therefrom. In May 18 and 21, 2009 filings, plaintiff stated he is still recovering from brain surgery and it would take several months to complete said recovery. On June 16, 2009, plaintiff filed a status report in Case No. 09-cv-0422 JFM, stating that his "mind is not solid," and he still has "vertigo, at times severe and disabling," "triple vision out of [his] right eye," and is "still confined to a wheelchair." Id.[1]

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1    On July 7, 2009, plaintiff filed a document styled "Motion to be moved to Federal
2 Custody to protect life and limb." Plaintiff states he has been held in protective custody for his
3 own safety and cannot be released into Solano County without endangering his life. Plaintiff
4 requests that this court place him into federal custody after he is sentenced.

5    This motion was also filed on December 5, 2008 in Seefeldt v. California
6 Department of Corrections, Case No. 2:08-cv-0232 JFM. (Docket No. 37.) In 2:08-cv-0232
7 JFM, the court inquired whether plaintiff was represented by counsel in the state court criminal
8 action; plaintiff confirmed that he was being represented by counsel Sarah Johnson. (Docket No.
9 43.) Moreover, counsel for defendants made a special appearance and advised the court that:

> Upon adjudication of the above charges, (a) if Plaintiff is
> incarcerated again, the incarcerating institution will be advised of
> his prior testimony and need for protective placement; or (b) if
> Plaintiff is acquitted, Plaintiff will most likely not be returned to
> the California Witness Protection Program unless he can show that
> his life is in danger, as he did in the fall of 2006.

(December 15, 2008 Response at 3. [2:08-cv-0232 JFM])

   On January 14, 2009, the court denied plaintiff's motion, stating:

> At this stage, plaintiff has not been convicted of the criminal
> charges currently pending against him. Moreover, federal court
> interference in ongoing state criminal proceedings is strongly
> disfavored, particularly where the state criminal proceedings afford
> the defendant an opportunity to raise claims that implicate federal
> constitutional concerns. See Younger v. Harris, 401 U.S. 37
> (1971). The question of plaintiff's safety and security is a matter in
> the first instance for the state court judge should the pending
> criminal proceedings result in an outcome that raises the possibility
> of committing plaintiff to the state prison system. For the
> foregoing reasons, plaintiff's December 5, 2008 motion will be
> denied without prejudice.

(January 14, 2009 Order at 3 [2:08-cv-0232 JFM].)

   Plaintiff's circumstances have not changed; he has not yet been sentenced. As
previously ordered, the question of plaintiff's safety and security is a matter for the state court
/////

judge should the pending criminal proceedings result in an outcome that raises the possibility of committing plaintiff to the state prison system.  The instant action is unrelated to the state court criminal action and is not the proper venue for such a motion.  Plaintiff's motion will be denied.

On July 7, 2009, plaintiff also filed a letter addressed to the Clerk of the Court. Plaintiff asks the Clerk's assistance in serving written interrogatories and depositions. However, plaintiff is reminded that this action is presently stayed.  He may not pursue discovery at all until the stay has been lifted.[2]  If plaintiff's health has recovered such that he is able to pursue this litigation, he should file a request to lift the stay.  At that time the court will issue a revised scheduling order.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's July 7, 2009 motion is denied.

DATED:  July 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; seef3123.prot

---

[2] Rule 33 of the Federal Rules of Civil Procedure governs interrogatories.  Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.
   Rule 31 of the Federal Rules of Civil Procedure governs depositions by written questions.  However, plaintiff must first seek leave of court prior to using this discovery tool.