IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,               No. 2:08-cv-3123 JFM (PC)

   vs.

SOLANO COUNTY CUSTODY, ET AL.,

      Defendants.          ORDER

                                    /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 20, 2009, plaintiff filed a motion for temporary restraining order. However, at that time, this action was stayed. (Order filed April 17, 2009.) Accordingly, plaintiff's motion will be denied without prejudice.

          On August 24, 2009, plaintiff filed a motion for sanctions against defendants Solano County and California Forensic Medical Group. Plaintiff contends, *inter alia*, that while he was undergoing brain surgery at U.C. Davis Medical Center, his legal materials were removed and read, and certain documents have gone missing. Plaintiff also alleges defendants are refusing to allow him to work with Greg Brannon, a fellow inmate. Plaintiff states that he and Brannon assist each other with their legal work.

1       First, plaintiff fails to identify the parties who allegedly took these actions against plaintiff. Second, Solano County defendants contend that it is the practice of jail staff to secure an inmate's property when he leaves for hospitalization, either in that cell if no other inmate is placed there, or in the module officer's office, and that legal paperwork is not read. County defendants note that plaintiff failed to file a grievance about his legal paperwork, so they were unable to investigate his claims upon his return from the hospital.

County defendants contend that, to their knowledge, no white supremacist was knowingly placed in plaintiff's cell, and they do not track, record or otherwise try to obtain an inmate's testimony for any case.

Defendants Purcell, Kadevari and Lewis note that plaintiff failed to cite any specific act by any of them, and they are not responsible for custody functions in any event. Moreover, these defendants correctly note that the entity California Forensic Medical Group is not a defendant in this action.

Plaintiff is cautioned that County defendants are not required to allow him to work with a specific inmate. In order to state a cognizable claim for interference with his right of court access, plaintiff must allege facts which show that defendant, by his or her actions, prevented him from bringing, or caused him to lose, an actionable challenge either to his conditions of confinement or his criminal conviction. See <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 356 (1996). Review of the docket for this case reveals plaintiff cannot make such a showing. Plaintiff has access to the court and has met every deadline required in this action.

Moreover, plaintiff has failed to provide any legal authority for the imposition of sanctions. Thus, this court finds no basis for the imposition of sanctions, and the motion will be denied.

/////

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 20, 2009 motion is denied without prejudice. (Docket No. 24.)

2. Plaintiff's August 24, 2009 motion for sanctions is denied. (Docket No. 38.)

DATED: September 8, 2009.

_____<br>
UNITED STATES MAGISTRATE JUDGE

/001; seef3123.san