IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,                    No. 2:08-cv-3123 JFM (PC)

    vs.

CALIFORNIA FORENSIC MEDICAL      ORDER
GROUP, et al.,

      Defendants.

_____/

        On September 10, 2009, plaintiff filed a request concerning the payment of witness fees pursuant to this court's scheduling order filed August 28, 2009.  The payment of travel expenses is calculated pursuant to 28 U.S.C. § 1821, and depends upon the number of miles traveled,[1] as well as the manner in which the witness travels to the court.  Plaintiff will tender this payment, in addition to the $40.00 witness fee, along with the subpoena as set forth in this court's scheduling order, but in any event no earlier than four weeks prior to trial.  Plaintiff is cautioned that it is too early to calculate witness fees as this case may change with the filing of dispositive motions, which are not due until February 1, 2010, and will depend on what witnesses the court allows in the final pretrial order.

        On September 17, 2009, plaintiff filed a document entitled "Motion for Subpoena," although the text of the documents appears to be an attempt to compel defendants to respond to certain discovery requests.  On September 22, 2009, defendants filed an opposition

---

[1] At present, the mileage rate for travel by private car is $.55 per mile.

indicating that discovery responses are not yet due, so plaintiff's filing is premature. Plaintiff is cautioned that he must await defendants' discovery responses, then review them prior to bringing a motion to compel. Moreover, plaintiff is cautioned that any motion to compel discovery must comply with this court's August 28, 2009 order and applicable rules set forth therein. Because plaintiff's motion is premature, it will be denied without prejudice.

On September 17, 2009, plaintiff also filed a document entitled "Motion to deny CMF and Solano County Custody." Id. This document appears to be plaintiff's attempt to respond or file a reply to defendants' answer. Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.</u>

Fed. R. Civ. P. 7(a) (emphasis added). The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 17, 2009 motion for subpoena (#47), construed as a motion to compel discovery, is denied without prejudice; and

2. Plaintiff's September 17, 2009 motion (#48) is denied.

DATED: October 13, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; seef3123.witf