IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

    Plaintiff,                                   No. 2:08-cv-3123 JFM (PC)

    vs.

CALIFORNIA FORENSIC MEDICAL
GROUP, et al.,

    Defendants.                              <u>ORDER</u>

/

           Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2010, defendants Tom Norris and Gary Stanton filed a motion to compel plaintiff's deposition and motion for sanctions. Defendants claimed they served plaintiff a notice of deposition on May 25, 2010 at plaintiff's last known address. The deposition was scheduled for July 12, 2010 in Sacramento, California. Plaintiff failed to appear at the deposition. Defendants sought a continuance of the discovery deadline and sanctions.

           On July 20, 2010, this court extended the discovery deadline and ordered plaintiff to show cause on or before August 4, 2010 why sanctions should not be imposed. Plaintiff failed to respond to the court's order. On August 10, 2010, the court ordered plaintiff to pay expenses in the amount of $525.00 to defendants.

1

1  On August 27, 2010, defendants filed a motion to dismiss pursuant to Fed. R. Civ.
2  P. 41(b) for failure to obey a court order. Defendants claim that plaintiff again failed to appear at
3  a second scheduled deposition. Defendants further assert that this action has been unduly
4  delayed through no fault of theirs. They contend that since the commencement of this action,
5  this matter has been stayed twice due to plaintiff's medical condition. During the pendency of
6  the most recent stay, defendants submit evidence that plaintiff initiated four additional actions in
7  this court and filed numerous motions in his other pending cases.

8  Upon a motion for dismissal under Rule 41(b), a court is required to weigh
9  several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's
10 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
11 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
12 merits and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421,
13 1423 (9th Cir. 1986 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

14 Accordingly, IT IS HEREBY ORDERED that plaintiff shall show cause on or
15 before October 28, 2010 why sanctions should not be imposed, up to and including dismissal of
16 this action, for his failure to appear at the second scheduled deposition.

17 DATED: September 23, 2010.

UNITED STATES MAGISTRATE JUDGE

21 /014.seef3123.mtd.osc