IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,                               No. 2:08-cv-3123 JFM (PC)

    vs.

CALIFORNIA FORENSIC MEDICAL
GROUP, et al.,

      Defendants.                       ORDER

_____/

        Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the undersigned pursuant to the consent of the parties. 28 U.S.C. § 636 (c)(1).

        This matter was filed on December 23, 2008. On August 28, 2009, the undersigned issued a scheduling order. On November 12, 2009, the action was stayed. On May 20, 2010, the stay was lifted and the scheduling order modified accordingly.

        On July 13, 2010, defendants Tom Norris and Gary Stanton filed a motion to compel plaintiff's deposition and motion for sanctions. Defendants claimed they served plaintiff a notice of deposition on May 25, 2010 at plaintiff's last known address. The deposition was scheduled for July 12, 2010 in Sacramento, California. Plaintiff failed to appear at the deposition. Defendants sought a continuance of the discovery deadline and sanctions.

On July 20, 2010, this court extended the discovery deadline and ordered plaintiff to show cause on or before August 4, 2010 why sanctions should not be imposed. Plaintiff failed to respond to the court's order. On August 10, 2010, the court ordered plaintiff to pay expenses in the amount of $525.00 to defendants.

On August 27, 2010, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to obey a court order. On September 23, 2010, plaintiff was ordered to show cause on or before October 28, 2010 why sanctions should not be imposed, up to and including dismissal of this action, for his failure to appear at the second scheduled deposition. To date, plaintiff has not responded to the court's order.

Upon a motion for dismissal under Rule 41(b), a court is required to weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

Here, plaintiff's conduct hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently. Thus, the first two factors weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the
/////

public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to attend duly-noticed and served depositions.  Thus, the fourth factor weighs in favor of dismissal.

Finally, the court attempted to avoid dismissal by granting plaintiff an opportunity to respond to the defendants' allegations regarding plaintiff's failure to participate in discovery and was advised that failure to do so could lead to the dismissal of the action for failure to prosecute.  Plaintiff has not communicated with the court. Thus, the fifth factor weighs in favor of dismissal.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion to dismiss is granted; and

2. This matter is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED: November 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014.seef3123.mtd2